UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSEPH DILLARD, JR.

       Petitioner,

v.                                   Case No.  8:11-cv-1442-T-33TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.
_____


**ORDER**

      Dillard petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for possession of cocaine and opposing or obstructing an officer without violence.  Dillard's motion for leave to proceed in forma pauperis (Doc. 2) shows entitlement to proceed without the payment of the filing fee, but the petition lacks merit.

      Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the petition for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  In 1990, Dillard was sentenced to the custody of the Florida Department of Corrections ("DOC") for three and a half years.  Accordingly to the

website for the DOC, Dillard completed that sentence and was released in 1991. Consequently, Dillard fails to meet the "in custody" requirement of Section 2254. A petitioner cannot challenge the validity of a state court conviction unless confined based on the conviction challenged in the Section 2254 petition:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  Dillard forfeited his opportunity to challenge the 1990 conviction by not filing a federal petition before he completed the sentence. *Lackawanna County District Attorney v. Coss*, 532 U.S. 398 (2001); *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). [1]

Accordingly, the Court orders:

1. That Dillard's petition for the writ of habeas corpus (Doc. 1) is **denied.**  The Clerk shall enter a judgment against Dillard and close this case.

2. That the order requiring Respondent to respond to the petition is vacated.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of

---

[1] Both the petition and the DOC website show that Dillard's present confinement is based on a 2010 conviction and sentence of fifteen years.  Dillard cannot challenge the 1990 conviction even if it were used to enhance the 2010 sentence.  "If. . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Daniels v. United States*, 532 U.S. 374, 382 (2001).  In *Coss*, issued simultaneously with *Daniels*, the Court applied the same rationale to bar Section 2254 review of a state conviction used to enhance a new state conviction.

the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 26, 2011.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Joseph Dillard, Jr.